COURT OF INTERNATIONAL TRADE

LAXCON STEELS LIMITED, OCEAN STEELS
PRIVATE LIMITED, METLAX INTERNATIONAL
PRIVATE LIMITED, PARVATI PRIVATE
LIMITED, and MEGA STEELS  PRIVATE LIMITED,

     Plaintiffs,

  v.

UNITED STATES,

     Defendant.

**COMPLAINT**

Court No. 26-02393

## COMPLAINT

Plaintiffs – i.e., Laxcon Steels Limited, Ocean Steels Private Limited, Metlax International Private Limited, Parvati Private Limited, and Mega Steels Private Limited -- by and through their undersigned counsel allege and state as follows:

### JURISDICTION STATEMENT

1. This action is per 19 U.S.C. 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii). This Court has exclusive jurisdiction per 28 U.S.C. 1581(c) and 19 U.S.C.§ 1516a(a)(2).

2. Plaintiffs seek judicial review of the final results of the  U.S. Department of Commerce administrative review of the antidumping duty order on stainless steel bar from India (Case No. A-533-810) for the period February l, 2023, through January 31, 2024, per   19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), 1516a(a)(2)(B)(iii). Commerce, *Stainless Steel Bar From India: Final Results and Rescission, in Part, of Antidumping Duty Administrative Review, 2023-2024,* 91 Fed. Reg. 7442 (February 18, 2026) (Commerce Decision) and its associated Issues and Decision Memorandum  (IDM), *Final Results of the Antidumping Duty Administrative Review, Stainless Steel Bar from India*; 2023-2024, February 11, 2026 (especially Comment 7, pages 14-18).  There, Commerce found that Plaintiffs' exports and imports of subject merchandise are subject to a 15.46%  'all other" antidumping duty rate.

1

## PLAINTIFF STANDING

3. Plaintiffs are foreign producers and exporters of stainless steel bar covered by the anti-dumping duty order and the administrative review proceeding now being challenged. Plaintiffs are therefore interested parties per 19 U.S.C. 1677(9)(A). Plaintiffs participated in the underlying contested proceedings by filing case briefs commenting on Commerce's Preliminary Decision.  Therefore, as interested parties who were parties to the proceeding below, Plaintiffs have standing to bring this action per 19 U.S.C. 1516a(d) and 28 U.S.C. 2631(c).

## TIMELINESS OF THIS ACTION

4. This action is timely per 28 U.S.C. 1581(c).  Per 19 U.S.C. 1516a, Plaintiffs commenced this action within 30 days of the February 18, 2026, Federal Register publication of Commerce's Contested Final Determination by filing a summons on March 20, 2026.  Per CIT Rule 3(a)(2), Plaintiffs file this Complaint on April 20, 2026, which is within 30 days of the date of the filing of the summons. Since April 19, 2026 is a Sunday, the complaint is due the next business day, Monday April 20.  CIT Rule 6(a)(1)(C).   Thus, this action is timely filed per 19 U.S.C. § 1516a(a)(2)(A).

## STATEMENT OF FACTS

5. In response to timely filed requests, Commerce initiated an antidumping duty administrative review of stainless steel bar from India for the period February I, 2023, through January 31, 2024. See Commerce, *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 89 Fed. Reg. 24,780 (Dep't Commerce Apr. 9, 2024).

6. On June 11, 2025, Commerce published in the Federal Register its Preliminary Decision. Commerce, *Stainless Steel Bar from India: Preliminary Results and Intent to Rescind, in Part, of Antidumping Duty Administrative Review, 2023-2024* (Dep't Commerce June 11, 2025) and accompanying Issues and Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review; 2023-2024 (June 5, 2025).

7.  On August 19, 2025, Plaintiffs filed a case brief with Commerce objecting to the Preliminary Decision as to its "all other "dumping rate applicable to Plaintiffs  which incorporated an adverse facts dumping margin. On February 12, 2026, Commerce issued its Final Decision, and its accompanying IDM (see especially Comment

2

7, pages 14-18), affirming its above Preliminary "all others" Decision. The Final Decision was published in the Federal Register on February 18, 2026.

## CLAIMS

### Count One

8. The Final Decision "all other" rate is not supported by substantial evidence on the record or otherwise not in accordance with law due to, inter alia, its inclusion of mandatory respondent antidumping rates involving adverse inferences.

### Count Two

9. Commerce's decision to assign Atlas a final antidumping duty rate based on total adverse facts available (as well as then including it in the "all others" rate) is not supported by substantial evidence on the record and is otherwise not in accordance with the law. (Also under separate appeal in CIT Court No. 26-02192).

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court:

(A)     Enter judgment for Plaintiffs;

(B)     Hold unlawful Commerce's final antidumping duty decision that is the subject of this complaint;

(C)     Remand this proceeding to Commerce with instructions to publish a revised final decision in conformity with the Court's decision; and

(D)     Grant Plaintiffs such further relief as the Court deems just and proper.

Respectfully submitted

*/s/ Peter Koenig*

Peter Koenig, Esq.
SBA Trade Law, Washington DC
Counsel to Plaintiffs,, Laxcon Steels Limited, Ocean Steels Private Limited, Metlax International Private Limited, Parvati Private Limited, and Mega Steels Private Limited

**FORM 13**

## <u>CERTIFICATE OF SERVICE</u>

      I certify that copies of the Complaint and Forms 11,and 13, filed on April 20, 2026 in CIT Case Number 26-02393 were served by certified mail, return receipt requested, on each of the interested parties listed below.

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20005

General Counsel
Office of the Chief Counsel for
Import Administration
**U.S. Department of Commerce**
14th Street & Constitution Ave., NW
Washington, D.C. 20230

**<u>On Behalf of Carpenter Technology Corporation, Electralloy, a Division of G.O. Carlson, Inc., North American Stainless, and Valbruna Slater Stainless, Inc.</u>**
Grace W. Kim, Esq.
**Kelley Drye & Warren LLP**
670 Maine Ave SW
Suite 600
Washington, DC 20024

**<u>On Behalf of Atlas Stainless Corporation Private Limited</u>** Rosa
S. Jeong, Esq.
**Greenberg Traurig, LLP**
2101 L Street NW
Suite 1000
Washington, DC 20037

**<u>On Behalf of Ambica Steels Limited and</u>**

**<u>Laxcon Steels Limited</u>** Robert
George Gosselink, Esq. **Trade Pacific PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003

**<u>On Behalf of Chandan Steel Limited, Mangalam Alloys Limited</u>**
Arpit Bhargava
**SBA Strategy Consulting LLP**
1 "Vishwa Shila"
Pareek College Road
Bani Park Jaipur – 302016, India

**<u>On Behalf of Atlas Stainless Corporation Private Limited</u>**
Shyamal Barai, Esq.
**V. K. Surana & Co.**
1st Floor, VCA Complex, Civil Lines,
Nagpur, Maharashtra, India

**<u>Aamor Inox Limited</u>**
Mr Anand Gupta
A-30,Site IV,UPSIDC,Sahibabad Industrial Area, Sahibabad,Ghaziabad,Uttar Pradesh(India)-201010, India

**<u>On Behalf of Atlas Stainless Corporation Private Limited</u>**
Pratik Sanghvi
3rd Floor, Mehta Mahal, Mathew Road
Opera House, Mumbai-400 004, India

**<u>On Behalf of Laxcon Steels Limited</u>**
Vinod Gupta
Plot No. 235, Sarkhej Bavla , NH8A,
Village - Sari, Taluka - Sanand,
Ahmedabad, Gujarat 382220 India

 */s/ Peter J. Koenig*
Peter J. Koenig

4

: