# UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE:   THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

|  |  |
|---|---|
| LAXCON STEELS LIMITED, OCEAN STEELS PRIVATE LIMITED, METLAX INTERNATIONAL PRIVATE LIMITED, PARVATI PRIVATE LIMITED, AND MEGA STEELS PRIVATE LIMITED, <br><br>    **Plaintiffs,**<br><br>  **v.**<br><br>UNITED STATES,<br><br>    **Defendant.** | **Court No. 26-02393** |

## ORDER

Upon consideration of the Consent Motion to Intervene as of Right filed by Carpenter Technology Corporation, Electralloy, a Division of G.O. Carlson, Inc., North American Stainless, and Valbruna Slater Stainless, Inc. it is hereby

**ORDERED** that the Consent Motion to Intervene as of Right is granted; and it is further

**ORDERED** that Carpenter Technology Corporation, Electralloy, a Division of G.O. Carlson, Inc., North American Stainless, and Valbruna Slater Stainless, Inc. are hereby designated as Defendant-Intervenors in this action.

_____
Judge Joseph A. Laroski, Jr.

Dated: _____, 2026
  New York, New York

# UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE:    THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE**

|  |  |
|---|---|
| LAXCON STEELS LIMITED, OCEAN STEELS PRIVATE LIMITED, METLAX INTERNATIONAL PRIVATE LIMITED, PARVATI PRIVATE LIMITED, AND MEGA STEELS PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 26-02393 |

## CONSENT MOTION TO INTERVENE AS OF RIGHT

Pursuant to U.S. Court of International Trade ("USCIT") Rules 7(b) and 24(a), Carpenter Technology Corporation, Electralloy, a Division of G.O. Carlson, Inc., North American Stainless, and Valbruna Slater Stainless, Inc. (hereinafter "Movants" or "Proposed Defendant-Intervenors") respectfully and timely move this Court for an Order granting Movants leave to intervene as of right as Defendant-Intervenors in the above-captioned action.

## I.    CONSENT OF THE PARTIES

This Motion is made following consultation with and the consent of counsel to Plaintiffs, Laxcon Steels Limited, Ocean Steels Private Limited, Metlax International Private Limited, Parvati Private Limited, and Mega Steels Private Limited ("Plaintiffs"), and counsel to Defendant, the United States. Specifically, on May 5, 2026, Grace W. Kim, Esq. consulted with counsel to the parties to this action concerning this motion. Counsel for Plaintiffs, Peter J. Koenig, Esq., indicated via email on May 8, 2026, that his client consents to this motion.

Counsel for Defendant, the United States, Kristin E. Olson, Esq., indicated via e-mail on May 5, 2026, that the United States consents to this motion.

## II.    TIMELINESS

This motion is timely submitted pursuant to USCIT Rule 24(a)(3), as it is being filed within 30 days after the filing of Plaintiff's Complaint on April 20, 2026 (ECF No. 7).

## III.    DISCUSSION

Pursuant to 28 U.S.C. § 2631(j), a party "who would be adversely affected or aggrieved by a decision in a civil action" pending in this Court may intervene as of right in that action brought under section 516A of the Tariff Act of 1930 ("the Act"), as amended, if that party is an "interested party" that was a "party to the proceeding in connection with which the matter arose." 19 U.S.C. § 1516a.  Movants meet the statutory requirements for intervention as of right in this action.

For purposes of 28 U.S.C. § 2631(j)(1)(B), an "interested party" is defined as having "the meaning given such term in section 771(9) of the Tariff Act of 1930." See 28 U.S.C. § 2631(k)(1).  In turn, section 771(9)(C) of the Act provides that "interested party" means, inter alia, "a manufacturer, producer, or wholesaler in the United States of a domestic like product." 19 U.S.C. § 1677(9)(C).  Carpenter Technology Corporation, Electralloy, a Division of G.O. Carlson, Inc., North American Stainless, and Valbruna Slater Stainless, Inc., the applicants for intervention, are manufacturers in the United States of stainless steel bar, the domestic product like the subject imports of stainless steel bar from India that are covered by the underlying antidumping duty review.  Accordingly, Proposed Defendant-Intervenors are "interested parties" within the meaning of section 771(9)(C) of the Act.  See 19 U.S.C. § 1677(9)(C) and 19 U.S.C. § 1516a(f)(3).

Further, Carpenter Technology Corporation, Electralloy, a Division of G.O. Carlson, Inc., North American Stainless, and Valbruna Slater Stainless, Inc. were parties to the proceeding before the United States Department of Commerce ("Commerce") that led to the determination being challenged in this action.  In particular, the Complaint in this action challenges the final results of the U.S. Department of Commerce's administrative review of the antidumping duty order on stainless steel bar from India for the period February 1, 2023, through January 31, 2024. See ECF No. 11.  Notice of the Commerce Department's final results of that review was published in the Federal Register on February 18, 2026.  See Stainless Steel Bar From India: Final Results and Rescission, in Part, of Antidumping Duty Administrative Review; 2023-2024, 91 Fed. Reg. 7,442 (Dep't Commerce Feb. 18, 2026) ("Final Results").  Movants were interested parties in the antidumping duty administrative review and participated actively in the review through counsel.

Plaintiffs Laxcon Steels Limited, Ocean Steels Private Limited, Metlax International Private Limited, Parvati Private Limited, and Mega Steels Private Limited were respondents in the antidumping administrative review.  Plaintiffs' Summons and Complaint make clear its intent to challenge certain aspects of the Final Results.  As members of the domestic industry and participants in the proceeding below, Movants have a strong interest in the continued enforcement of the antidumping duty order on stainless steel bar from India, as well as the appropriate calculations of dumping margins for Indian producers and exporters of the subject merchandise.  As a result, Movants are parties that would be adversely affected by a ruling favorable to Plaintiff in this action.  Accordingly, pursuant to 28 U.S.C. § 2631(j)(1)(B), Movants are entities that "would be adversely affected or aggrieved" by the action now pending in this Court, and Movants are parties "to the proceeding in connection with which the matter

3

arose." As such, under Rule 24(a) of this Court's Rules and 28 U.S.C. § 2631(j)(1)(B), Movants have standing to intervene in this action as a matter of right.

*   *   *

For the preceding reasons, Carpenter Technology Corporation, Electralloy, a Division of G.O. Carlson, Inc., North American Stainless, and Valbruna Slater Stainless, Inc. respectfully request that this Court grant this Consent Motion and allow them to intervene as Defendant-Intervenors in this civil action.

Respectfully submitted,

/s/ Grace W. Kim
JOHN M. HERRMANN
GRACE W. KIM
KELLEY DRYE & WARREN LLP
jherrmann@kelleydrye.com
gkim@kelleydrye.com
jmorey@kelleydrye.com
670 Maine Avenue, S.W.
Suite 600
Washington, DC 20024
(202) 342-8872

JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
jmorey@kelleydrye.com
3 World Trade Center
175 Greenwich Street
New York, NY 10007
(202) 342-8867

Counsel to Proposed Defendant-Intervenors

Dated:  May 11, 2026

4